## MADDOX v. LEE.

Court of Appeals of Kentucky.
Feb. 27, 1953.

William G. Reed, Carrollton, for appellant.

John M. Berry and D. K. Floyd, New Castle, W. Loraine Mix, Louisville, for appellee.

COMBS, Justice.

The plaintiff, H. S. Maddox, by petition filed in the Owen Circuit Court sought judgment against the appellee, Marty B. Lee, for various sums allegedly expended by him for appellee's use and benefit during the time he operated a farm owned by the appellee. It was alleged in the petition that the appellee promised to pay plaintiff's debt from the proceeds derived from the sale of the farm. The holder of a mortgage on the farm and the man to whom the farm was subsequently sold were joined as parties defendant. The prayer of the petition was for a judgment against the appellee; for a general order of attachment against appellee's property; and that the purchaser of the farm be required to answer as a garnishee defendant.

We find nothing in the record showing service of process on any of the parties, but it is stated in the briefs the mortgage holder was summoned in Owen County, the purchaser of the farm in Gallatin County and the appellee was not summoned at all.

The appellee by special appearance moved the court to dismiss the action as to her on the ground she is a nonresident of Owen County and was not served with summons in that county. The motion was sustained. Hence, this appeal.

Plaintiff's cause of action is no more nor less than a transitory action on an unsecured debt, the venue of which is governed by section 78 of the Civil Code of Practice. That section provides such an action may be brought "in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

There is no contention the appellee either resided or was summoned in Owen County. The only question which merits discussion is whether the joinder of the mortgage holder as a defendant, and service of summons upon him in Owen County, gave the court jurisdiction over appellee. The answer must be in the negative. Although plaintiff makes some claim to an equitable lien on the farm, the allegations of his petition do not establish such a lien. Therefore the mortgage holder was not a proper party defendant. Since appellee had no lien on the farm, the existence of a lien in the hands of a third person was of no consequence to him. It should be noted in passing that there is nothing in the record

to show any order of attachment was issued or levied upon any of appellee's property.

We find no substance in the argument the question of jurisdiction was not properly raised. The judgment is affirmed.